**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **1. AMESTEIN TULSA, LLC, and An Oklahoma Limited Liability Company** | ) |
| **2. ANDRE VANT WESTEINDE, an individual,** | ) |
| **3. SCAN OIL AND GAS, LLC, A Texas Limited Liability Company,** | ) |
| **4. AVW INTERNATIONAL, LLC A Texas Limited Liability Company** | ) |
| **Plaintiffs,** | ) |
| | ) **Case No. 16-cv-00619-JED-TLW** |
| **vs.** | ) |
| **1. STEPHEN J. MERRILL, an individual;** | ) |
| **2. DONALD F. SCHNELL, an individual,** | ) |
| **3. OKLAHOMA SHELF EXPLORATION AND DEVELOPMENT, LLC An Oklahoma Limited Liability Company,** | ) |
| **4. OKLAHOMA SHELF EXPLORATION, LLC An Oklahoma Limited Liability Company,** | ) |
| **5. SUNRAY OPERATING COMPANY An Oklahoma Corporation, company;** | ) |
| **6. SBM OPERATING LLC, a domestic limited liability company;** | ) |
| **7. SCHNELL WELL SERVICE, LLC, a domestic limited liability company;** | ) **JURY TRIAL DEMANDED** |
| **8. SCHNELL PIPE AND SUPPLY, LLC, a domestic limited liability company;** | ) **ATTORNEY LIEN CLAIMED** |
| **9. CHARLES SCHREVE, an individual,** | ) |
| **Defendants.** | ) |

## COMPLAINT

COME NOW Plaintiffs, Amestein Tulsa, LLC, Andre Vant Westeinde, (hereinafter "Investors" or "Plaintiffs"), by and through Lee I. Levinson and G. Steven Stidham and the firm of Levinson, Smith and Huffman, P.C., their attorneys of record, and for their Complaint against

Defendants Stephen J. Merrill; Donald Schnell; Oklahoma Shelf Exploration and Development, LLC; Oklahoma Shelf Exploration, LLC; SBM Energy, LLC; SBM Operating LLC; Schnell Well Service, LLC; and Schnell Pipe and Supply, LLC (hereinafter "Defendants"), state:

**JURISDICTION AND THE PARTIES**

1. This is an action for relief under the provisions of Section 17(a) (15 USC § 77q et seq.) and Sections 12(a)(1) and (2) (15 USC § 77l) of the Securities Act of 1933, as amended ("the Securities Act"), Section 10(b) (15 USC § 78j(b)) of the Securities Exchange Act of 1934, as amended ("the Exchange Act"), and Rule 10b-5 thereunder (17 CFR § 240.10b-5).

2. Jurisdiction of this Court is conferred by Section 22 of the Securities Act (15 USC § 77v) and Section 27 of the Exchange Act (15 USC § 78aa).

3. All Plaintiff Investors participated in oil and gas development and own interest in said development in Rogers County, Oklahoma, which lies in the Northern District of Oklahoma.

4. Plaintiff Andre Vant Westeinde is a resident of the State of Texas.

5. Amestein Tulsa, LLC is organized under the laws of the State of Oklahoma with primary business in Oklahoma.

6. AVW International, LLC and Scan Oil and Gas, LLC are limited liability companies organized under the laws of the State of Texas.

7. Defendants are three (3) individuals and their respective corporate entities. The Merrill Defendants are Stephen J. Merrill; Oklahoma Shelf Exploration and Development, LLC; Oklahoma Shelf Exploration, LLC; Sunray Operating Company and Charles Schreve, (hereinafter the "Merrill Defendants"). The Schnell Defendants are Donald Schnell; Schnell Well Service, LLC; and Schnell Pipe and Supply, LLC (hereinafter the "Schnell Defendants").

8. Through information and belief, Oklahoma Shelf Exploration and Development,

LLC and Oklahoma Shelf Exploration, LLC are the same company as one is listed as inactive and one is listed as active in the records of the Oklahoma Security of State.

9. Charles Shreve through information and belief is a resident of the State of California.

10. Venue is proper in this judicial district under 28 USC § 1391 (b)(2) as this is a judicial district in which a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred. Further, venue is proper under the Securities Act and the Exchange Act and Rule 10-b-5 thereunder (17 C.F.R. § 240.10b-5).

11. At all times relevant herein, the conduct and activities of the Defendants were directed to one or more Plaintiffs and have resulted in harm in the Northern District of Oklahoma.

12. Personal jurisdiction over the Defendants comports with the requirements imposed by the United States Constitution.

**BACKGROUND**

13. Defendant Stephen J. Merrill has concocted a scheme to entice investors, including Plaintiffs, to invest in various oil and gas schemes that enrich no one but himself and his cronies.

14. During the course of his schemes, Defendant Stephen J. Merrill, an attorney, takes advantage of Oklahoma's incorporation statutes to create various limited liability companies in order to shield not only himself from liability, but to shield the true nature of the various oil and gas investment schemes.

15. Defendant Stephen J. Merrill is particularly adept at enticing investors, including Plaintiffs, to invest in oil and gas schemes, including, but not limited to him being an attorney.

16. One of the many companies utilized by Defendant Stephen J. Merrill is co-defendant Oklahoma Shelf Exploration and Development, LLC.

17. Defendant Stephen J. Merrill, by and through Sunray Operating, and Defendant Donald Schnell, enticed Plaintiffs to invest in the Alluwe Shallow Drilling Prospect "Alluwe" oil and gas investment with Defendants.

18. The Alluwe prospect consisted of oil and gas leases of approximately 434.21 acres in Rogers and Nowata Counties Oklahoma.

19. As a result of Defendants' enticement, Plaintiffs financed a 53.625% of the $1,300,000.00 Alluwe Prospect an investment collectively of almost $700,000.00.

20. Defendant Stephen J. Merrill, by and through Defendant OSED, further enticed Plaintiff Scan Oil and Gas, LLC to invest another $25,000.00 with Defendant Merrill to purchase an interest in a separate prospect called the "Hobart" oil and gas investment. Located in Kiowa County Oklahoma. The specifics of the investment are unknown to Scan as Scan never received any interest or return of investment from Defendants.

21. The Defendants in drilling wells on the Alluwe prospect failed to fully disclose information to investors regarding the prospect and the work thereon.

22. Defendants failed to fully disclose the failures of the wells to produce as represented in the prospectus created by Defendants and continued to drill wells despite the non-economic nature of the wells.

23. Defendants benefited directly from the continued drilling of the wells.

24. Further, no full accounting for any of the Plaintiffs' oil and gas investments has been forthcoming.

25. In addition to the above and foregoing, Defendant Stephen J. Merrill has

converted or embezzled money invested by Plaintiffs for his own personal use and benefit under the guise of "Salary."

26. Defendant Donald Schnell has converted or embezzled money invested by Plaintiffs for his own personal benefit.

27. Further, Defendant Steven J. Merrill "hired" other perpetrators to further the ongoing oil and gas schemes, namely Defendants Schnell Well Service, LLC and Schnell Pipe and Supply, LLC, to "perform" work on the leases in which the Plaintiffs invested.

28. The invoices charged by these co-conspirators were unreasonable and inflated, and were issued with the intention of depriving investors, including Plaintiffs, of their investment monies under the guise of reasonable and prudent oil and gas lease operating expenses.

29. Further, and in a bitter twist of fate, because Plaintiffs are working interest owners in these oil and gas schemes, Plaintiffs must pay a proportionate share of these unreasonable and inflated expenses or risk losing their working interest through lien foreclosure.

30. Further, Defendant Stephen J. Merrill has purchased and/or maintained a residence by using Plaintiffs' investment money.

31. Further, Defendants have purchased personal property for their own benefit and not necessary for oil and gas operations on any of the oil and gas leases in which Plaintiffs invested.

32. Further, Stephen J. Merrill has used a family Spendthrift Trust, known as the MSF Trust, to help disguise his fraudulent activities.

33. Defendants did not inform the Plaintiffs, prior to their investing, that Defendants would use the investment money for purposes other than investing in oil and gas development; that Defendants would inflate the costs of equipping the wells and supplying labor and service to

the wells/leases; that Defendants would utilize non-arms length companies incorporated and owned by other promoters of the various investment schemes to purchase equipment for and provide services on the various leases in which Plaintiffs invested; that Defendants would maintain a residence and purchase personal property not necessary for oil and gas operations with their investment money; and that Plaintiffs would receive little to no return on their investments with Defendants.

**FIRST CLAIM FOR RELIEF: SECURITIES FRAUD**

**COUNT I**

34. Plaintiffs reallege all allegations contained in the preceding paragraphs of this Complaint.

35. Pursuant to representations made by the Merrill Defendants, Plaintiffs entered into Agreements and invested substantial sums of money with the expectation of receiving working interest and/or "Units" in oil and gas investments and with the expectation of receiving a reasonable rate of return upon their investments.

36. The acts described herein involved the purchase and sale of securities within the meaning of Section 2(1) of the Securities Act and Section 3(a)(10) of the Exchange Act by means of oral communications, by use of the mails, and by the use of the means and instrumentalities of interstate commerce.

37. Rogers County, Oklahoma is one location where a substantial portion of the actions and occurrences complained of herein occurred. All of the Merrill Defendants participated in the offer and sale of these securities as well as the fraud that resulted therefrom.

38. The Merrill Defendants and each of them made false and misleading statements regarding the use of Plaintiffs' investment money and are primary violators in the actions

complained of herein.

39. The securities offered and sold by the Merrill Defendants to Plaintiffs were in violation of Section 12 (1) of the Securities Act.

40. Plaintiffs have been required to employ an attorney to prosecute this action and are entitled to recover their reasonable attorney's fees and costs as well as damages and attorney's fees and costs for the violation of Section 12(1) of the Securities Act.

41. Plaintiffs are entitled to damages in excess of $75,000.00, interest and reasonable attorney's fees and costs for the violation of Section 12(1) of the Securities Act.

**COUNT II**

42. Plaintiffs reallege all allegations contained in the preceding paragraphs of this Complaint.

43. The Merrill Defendants engaged in other manipulative activities and fraudulent courses of conduct in regard to their sale of these securities to the Plaintiffs.

44. The Merrill Defendants represented that the money invested by the Plaintiffs would be used for oil and gas purposes. However, large sums of money have been paid into accounts owned by the Merrill Defendants or paid personally to them for uses other than what was intended by Plaintiffs.

45. The foregoing misrepresentations and omissions concern material facts which were made in and/or omitted from oral communications from the Merrill Defendants to the Plaintiff in connection with its purchase of securities from the Merrill Defendants.

46. At the time Plaintiffs purchased securities from the Merrill Defendants, the Plaintiffs did not know of the untruth of the facts misstated. Therefore, the Merrill Defendants violated Section 12(2) of the Securities Act in connection with their sale of these securities to the

Plaintiffs.

47. Plaintiffs are entitled to damages in excess of $75,000.00, interest and reasonable attorney's fees and costs for the violation of Section 12(2) of the Securities Act.

## COUNT III

48. Plaintiffs reallege all allegations contained in the preceding paragraphs of this Complaint.

49. Plaintiffs allege that untrue statements of material facts, the omission of material facts and the manipulative and fraudulent activities and the fraudulent course of conduct of the Merrill Defendants in connection with the sale to Plaintiffs of securities were in violation of Section 10(b) of the Exchange Act and Rule 10-b-5 thereunder.

50. The alleged misstatements were made by the Merrill Defendants with complete knowledge of their falsity and the Merrill Defendants knowingly omitted to state to Plaintiffs the facts alleged to have been omitted and that these facts were material.

51. Plaintiffs did not know of the falsity of the Merrill Defendants' warranties and representations.

52. Further, the Merrill Defendants knew certain facts were omitted and the Plaintiffs relied upon these statements of facts which were made by the Merrill Defendants.

53. Therefore, as a result of these untrue statements, omissions, manipulative and fraudulent activities and fraudulent courses of conduct the Plaintiffs have suffered damages in excess of $75,000.00.

54. The statements made by the Merrill Defendants were knowingly made with wanton and total disregard of the rights of Plaintiffs.

55. Plaintiffs should be entitled to recover exemplary or punitive damages in an

amount to be determined by the Court in order to deter the future conduct of the Merrill Defendants and to set an example for others not to engage in this course of conduct.

**COUNT IV**

56. Plaintiffs reallege all allegations contained in the preceding paragraphs of this Complaint.

57. The Plaintiffs allege that the misstatements, omissions, manipulations and fraudulent activities and the fraudulent conduct of the Merrill Defendants constitute a violation of Section 17(a) of the Securities Act and, as a result thereof, Plaintiffs has sustained damages in an amount of no less than $75,000.00.

**COUNT V**

58. Plaintiffs reallege all allegations contained in the preceding paragraphs of this Complaint.

59. The actions of the Merrill Defendants in the offer and sale of the securities to Plaintiffs were violative of the Oklahoma Securities Act.

60. The Merrill Defendants violated certain provisions of the Oklahoma Securities Act, including Okla. Stat. tit. 71, § 510 *et seq*, as a result of their schemes and artifices to defraud Plaintiffs by making untrue statements, omitting material facts and engaging in acts practiced in the course of business which operated as a fraud and deceit upon Plaintiffs in order to entice Plaintiffs into investing in oil and gas schemes perpetrated by the Merrill Defendants.

61. The Merrill Defendants made material false representations and their actions were deceitful to Plaintiffs. The Merrill Defendants were aware that they were misstating material facts and omitting to state material facts to Plaintiffs. Further, the Merrill Defendants knew the

Plaintiffs would rely on these representations.

62. Plaintiffs expressly relied upon the misrepresentations of the Merrill Defendants and the actions of the Merrill Defendants to Plaintiffs constituted fraud.

63. The deceit and/or fraud perpetrated by the Merrill Defendants upon Plaintiffs was knowingly and willfully done by the Merrill Defendants with total disregard to the rights of Plaintiffs, who relied upon that deceit and/or fraud.

64. The Merrill Defendants' conduct offends public policy and is unfair and involves practices which are immoral, unethical, oppressive, unscrupulous, and unconscionable.

65. Accordingly, Plaintiffs request that they be awarded punitive and exemplary damages.

66. In all the circumstances, the Merrill Defendants' extensive unlawful conduct constitutes aggravated misconduct that is morally reprehensible.

67. The unlawful conduct of the Merrill Defendants constitutes intentional or reckless conduct that justifies the imposition of punitive damages against the Merrill Defendants, under Okla. Stat. tit. 23, § 9.1, in an amount not less than $75,000.

**SECOND CLAIM FOR RELIEF: NEGLIGENCE**

**COUNT VI**

68. Plaintiffs reallege all allegations contained in the preceding paragraphs of this Complaint.

69. The Merrill Defendants and the Schnell Defendants made negligent misrepresentations to Plaintiffs. Defendant Stephen J. Merrill gave Plaintiffs legal advice, and charged them for that legal advice, upon which Plaintiffs relied.

70. As a result of the Merrill Defendants and the Schnell Defendants' negligent

misrepresentations, Plaintiffs suffered damages in excess of $75,000.00 as well as attorney fees, costs and interest.

**THIRD CLAIM FOR RELIEF: CONVERSION**

**COUNT VII**

71. Plaintiffs reallege all allegations contained in the preceding paragraphs of this Complaint.

72. The Merrill and Schnell Defendants have converted Plaintiffs' investment money for their own use and benefit.

73. As a result of the Merrill and Schnell Defendants' conversion, Plaintiffs have suffered damages not in excess of $75,000.00.

**FOURTH CLAIM FOR RELIEF: FRAUD**

**COUNT VIII**

74. Plaintiffs reallege all allegations contained in the preceding paragraphs of this Complaint.

75. The Merrill and Schnell Defendants engaged in a deliberate and intentional scheme of fraud, including wire fraud, from which they derived monetary benefits.

76. Once Defendants had possession of the invested funds, the Merrill and Schnell Defendants utilized the United States Banking System, including lines of communication and information technology to convert invested funds for their own use, as well as continue and perpetuate the fraud, thereby committing wire fraud.

77. As a result of the Merrill and Schnell Defendants' deliberate and intentional scheme of fraud, including mail fraud and wire fraud, Plaintiffs suffered damages in excess of $75,000.00 as well as attorney fees, costs and interest, and are entitled to rescind their various

Participation Agreements with the Merrill and Schnell Defendants.

**COUNT IX**

78. Plaintiffs reallege all allegations contained in the preceding paragraphs of this Complaint.

79. The Merrill and Schnell Defendants engaged in a deliberate and intentional scheme of fraud, including mail fraud, from which they derived monetary benefits.

80. The Merrill and Schnell Defendants utilized the United States Postal Service to fraudulently procure investor funds, thereby committing mail fraud. The Merrill and Schnell Defendants also utilized the United States Postal Service to continue and perpetuate the fraud from which they derived monetary benefits.

81. As a result of the Merrill and Schnell Defendants' deliberate and intentional scheme of fraud, including mail fraud, Plaintiffs suffered damages in excess of $75,000.00 as well as attorney fees, costs and interest, and are entitled to rescind their various Participation Agreements with the Merrill and Schnell Defendants.

**FIFTH CLAIM FOR RELIEF: ACCOUNTING**

**COUNT X**

82. Plaintiffs reallege all allegations contained in the preceding paragraphs of this Complaint.

83. Plaintiffs are entitled to a comprehensive accounting of all of their oil and gas investments with the Merrill Defendants.

**SIXTH CLAIM FOR RELIEF: CONSTRUCTIVE TRUST & INJUNCTION**

**COUNT XI**

80. Plaintiffs reallege all allegations contained in the preceding paragraphs of this

Complaint.

81. The Merrill Defendants have used a residence at an address unknown but within this judicial district, as well as the MSF Trust to accomplish their fraud and conversion.

82. Plaintiffs request a constructive trust be enforced against these assets and that this Court enforce an injunctive issue against Defendants to restrain them from dispersing these assets.

83. As a result of the Merrill Defendants' deliberate and intentional scheme of fraud, including mail fraud, Plaintiffs suffered damages in excess of $75,000.00 as well as attorney fees, costs and interest, and are entitled to rescind their various Participation Agreements with the Merrill Defendants.

WHEREFORE, investor Plaintiffs Amestein Tulsa, LLC, AVW International LLC, Andre Vant Westeinde, and Scan Oil and Gas, demand judgment against all Defendants for actual damages in an amount not less than $75,000.00 with interest thereon and exemplary damages in an amount not less than $75,000.00. In addition, Plaintiffs request a comprehensive accounting of all oil and gas investments with the Merrill Defendants. Finally, Plaintiffs request that the Court grant them attorney fees, costs, and any other relief the Court deems necessary and proper.

Respectfully submitted,

**LEVINSON, SMITH & HUFFMAN, P.C.**

*s/ G. Steven Stidham*
Lee I. Levinson, OBA #5395
G. Steven Stidham, OBA #8633
Trevor R. Henson, OBA #30104
Evan M. McLemore, OBA #31407
1743 E. 71st Street
Tulsa, OK 74136-5108
Telephone: (918) 492-4433
Facsimile: (918) 492-6224 (Fax)
Email: leelevinson@sbcglobal.net
gstidham@lsh-law-firm.com
evan.mclemore@lsh-law-firm.com
ATTORNEYS FOR PLAINTIFFS